UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA E. HOUSHOLDER,
      Plaintiff,

No. 1:08-cv-937

-v-

HONORABLE PAUL L. MALONEY

HASTINGS MUTUAL INSURANCE COMPANY,
      Defendant.

ORDER

This matter comes before the court on remand from the Sixth Circuit Court of Appeals. On December 15, 2009, this court granted Defendant's motion for summary judgment and, in a separate document, entered a judgment for Defendant. On January 15, 2010, Plaintiff, through counsel, filed a notice of appeal. The Sixth Circuit ordered Plaintiff to show cause why the appeal should not be dismissed as late. Plaintiff filed her response on February 8, 2010. The Sixth Circuit remanded the action to this court "for the limited purposes of considering the plaintiff's February 8 response as a motion for an extension of time to appeal and ruling on the same." *Housholder v. Hastings Mutual Ins. Co.*, No. 10-1070 at 2 (6th Cir. Mar. 18, 2010) (order). Defendants, acting on their own, filed a "Response to the Court of Appeals Order" with this court. On order from this court, Plaintiff filed a reply to Defendant's response.

LEGAL FRAMEWORK

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed is entered. The word "filed" within the Rule means the notice must be received by the district court clerk within 30 days. *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (per curiam). The deadlines in Rule 4 are both "mandatory and

jurisdictional." *Ultimate Appliance CC v. Kirby Co.*, ___ F.3d___, 2010 WL 1235842, at * 1 (6th Cir. Apr. 1, 2010). Within 30 days after the time to file an appeal expires, a party may file a motion for an extension of time to file an appeal. Fed. R. App. P. 4(a)(5)(A)(i). The district court may extend the time to file an appeal only upon a showing of excusable neglect or good cause. *Id.* 4(a)(5)(A)(ii). "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id.* (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)); *see Barnes v. Cavazos*, 966 F.2d 1056, 1061-62 (6th Cir. 1992) (holding that mistakes arising from ordinary and typical aspects of trial practice, like calculating deadlines, will not constitute unique and extraordinary events arising to excusable neglect).

## ANALYSIS

Plaintiff offers several arguments in her response to the show cause order. First, Plaintiff insists counsel tried to e-file the notice of appeal on January 14, 2010, but the court refused the filing because counsel was not admitted to the bar in the Western District of Michigan. Second, Plaintiff asserts counsel telephoned the district court and was told the court would accept a paper copy of the notice of appeal, as long as the document was sent overnight along with a check for the filing fee. The notice of appeal and the filing fee arrived on January 15, 2010. Plaintiff's third argument, which is more fully developed in her reply, contends the difference between electronic and paper court documents is a difference in form. Plaintiff concludes the court improperly rejected the electronic notice of appeal on January 14.

Plaintiff did not timely file a notice of appeal. Without dispute, the notice of appeal was received and docketed by the court clerk on January 15, 2010, 31 days after judgment entered. The Sixth Circuit remanded the February 8 response for its consideration as a motion for extension of time, not for consideration of whether the notice was timely filed. The Sixth Circuit's order specifically noted "[t]he notice of appeal was filed in the district court one day late." *Housholder*, No. 10-1070 at 1. Plaintiff cannot rely on the alleged conversation with a court clerk to establish the paper copy of the notice of appeal was timely filed. The Sixth Circuit has previously rejected a litigant's attempt to extend a notice of appeal deadline by relying on statements allegedly made by a court clerk. *See Lawrence v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 320 F.3d 590, 594 (6th Cir. 2003).

The evidence presented in both the February 8 and Plaintiff's reply does not support the conclusion that the notice of appeal was improperly rejected as to form. In his affidavit, Plaintiff's counsel asserts he attempted to e-file the notice in the early afternoon on January 14, 2010. (Burg Aff. ¶ 3.) The internet history from counsel's computer does not indicate he submitted the notice of appeal electronically, only to have it rejected. Neither does his affidavit support such assertion. The internet history confirms counsel located the district's website and found the contact information on the website. Some twenty minutes later, counsel visited the district website again, determined the court fees, and then located the ECF registration form. The internet history submitted to this court does not show counsel attempted to upload the notice of appeal to the CM-ECF file for this action. The conclusion that the notice of appeal was not improperly rejected as to form finds further support in counsel's status to practice law in this district. Although counsel has been admitted to practice law in both the Sixth Circuit and the Eastern District of Michigan, counsel had not been

3

admitted to practice law in this district as of January 14, 2010. In order to file a document in an action through the CM-ECF program on the district court's website, an attorney needs a PACER account. In order to apply for and receive a PACER account, an attorney must be admitted to practice law in the district. Because counsel could not access the CM-ECF program, counsel could not upload or file the document, only to have it rejected. The inability to access the CM-ECF program is not analogous to having a clerk improperly reject the document as to form as the clerk, or the computer program, never received the document.

Plaintiff has not established either good cause or excusable neglect for failure to timely file her notice of appeal. The facts alleged by Plaintiff do not constitute good cause. Plaintiff's counsel was clearly aware of the filing deadline. Counsel, nevertheless, waited until the afternoon of the 30th day to attempt to file notice of appeal. Counsel's inability to file the notice electronically was not the result of forces beyond his control, but a result of waiting until the last few hours before a deadline passed. Even in the waning hours of the period for filing the notice several options were available, but not pursued. For example, trial counsel, with whom appellate counsel jointly submitted the reply, could have filed the notice. It was not reasonable, however, for counsel to rely on the clerk's alleged authorization to overnight the notice. *See Lawrence,* 320 F.3d at 594. Neither do the facts alleged by counsel establish excusable neglect. The filing of a document hardly constitutes a unique or extraordinary situation envisioned by Rule 4(a). To conclude that the last minute efforts to file a document, confounded by the routine requirement that a party be admitted to practice law in the locality, constitute excusable neglect would undermine any meaning afforded to the "excusable" requirement of the standard. *See Barnes*, 966 F.2d at 1061-62.

## CONCLUSION

Plaintiff did not timely file her notice of appeal. Plaintiff has not established either good cause or excusable neglect in order to merit an extension of time to file her notice of appeal. Accordingly, for the reasons provided above, Plaintiff's motion for extension of time to appeal is **DENIED. IT IS SO ORDERED.**

Date:  April 21, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge