UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA E. HOUSHOLDER,
    Plaintiff,

No. 1:08-cv-937

-v-

HONORABLE PAUL L. MALONEY

HASTINGS MUTUAL INSURANCE COMPANY,
    Defendant.

ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Housholder moves the court to reconsider its earlier order denying an extension of time to file an appeal. Plaintiff filed the motion under Fed. R. Civ. P. 59(e).

STANDARD OF REVIEW

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. Mich. L. R. Civ. P. 7.4(a). Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, two rules have been interpreted as providing a basis for a trial court to reconsider orders and judgments. A party may file a motion to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A motion brought under Rule 59(e) requests the court reconsider matters properly encompassed in a decision on the merits. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). Under the rule, a district court may reconsider the judgment entered and may grant the motion for any of four reasons: (1) an intervening change in the controlling law, (2) newly discovered evidence, (3) to correct a clear error of law, or (4) to prevent manifest injustice.

*GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A party may file a motion for relief from a judgment or order under Rule 60. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004).

ANALYSIS

On April 21, 2010, this court denied Plaintiff's motion for an extension of time to file a notice of appeal. (Dkt. No. 65.) Plaintiff requests the court reconsider the order. Plaintiff argues the motion was timely filed. The Sixth Circuit Court of Appeals remanded the action to this court "for the limited purpose of considering the plaintiff's February 8 response as a motion for an extension of time to appeal and ruling on the same." (Dkt. No. 59 - Remand Order at 3.) In the order, the Sixth Circuit explicitly noted "[t]he notice of appeal was filed in the district court one day late." (*Id.* at 1.) Accordingly, the issue of whether notice was timely filed was not before this court on remand. The Sixth Circuit already concluded that the notice of appeal was not timely filed. This court determined only that Plaintiff did not establish either good cause or excusable neglect for her request for an extension of time to file a notice of appeal.

Assuming, for the sake of argument only, that the Sixth Circuit left open the possibility that this court could find that the notice was timely filed, Petitioner is not entitled to the relief sought here. For the purpose of the earlier motion, and for this motion, the court accepts as true Plaintiff's

2

version of the conversation with the court clerk. The clerk's statement that the court would accept a paper copy of the notice of appeal 31 days after judgment was entered does not provide sufficient grounds for finding the notice was timely filed. In this court's earlier order, *Lawrence v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 320 F.3d 590, 594 (6th Cir. 2003) was cited for the proposition that a litigant cannot extend the time to file a notice of appeal by relying on statements allegedly made by a court clerk. In that case, a court clerk agreed, in a telephone conversation with counsel, that the last day to file a notice of appeal was April 13. The appeal was ultimately dismissed by the circuit court as untimely because the 30 day deadline to file the notice of appeal expired on April 11, not April 13. The court found the "unique circumstances" rule applied only to judges, not to court clerks. More recently in *Bowles v. Russell*, 551 U.S. 205, 209 (2007), the United States Supreme Court held that the timely filing of a notice of appeal is a mandatory and jurisdictional requirement. The Court went on to hold the "unique circumstances" doctrine was "illegitimate" and that courts do not have the authority to create equitable exceptions to jurisdictional requirements. *Id.* at 214. Under these two opinions, both of which are binding on this court, counsel was not entitled to rely on the clerk's statement that the court would accept the notice of appeal as timely filed if the document was received 31 days after entry of judgment.

Plaintiff argues the court should consider the notice of appeal timely filed because his attempt to file the notice of appeal electronically was timely. Plaintiff's argument is unpersuasive. The local rules require attorneys practicing before the court to register to file and serve documents electronically. W.D. Mich. L.Civ.R. 5.7(a), (b)(i), and (d)(i). In order to be a registered user of the ECF system, an attorney must be admitted to practice in the district. *Id.* 5.7(b)(ii). Plaintiff has not alleged that the site was unable to accept filings, such that a "technical failure" occurred, as specified

3

in Local Rule 5.7(d)(v). Counsel is presumed to know the local rules of court. *See United States v. Magana*, 127 F.3d 1, 5-6 (1st Cir. 1997).

Plaintiff offers an analogy or metaphor to show that his inability to file the notice electronically was akin to the court clerk, standing at a counter, refusing to accept a paper copy of the document. Plaintiff suggests, by using his computer to visit the court's website, he entered the door of the courthouse. He had the document in his briefcase, which in the analogy is his computer's network drive. The document remained in the briefcase because the electronic clerk told counsel that counsel could not file the document because counsel was not admitted to practice in the district. The persuasive strength of an analogy hinges on the similarity of the comparison. Although the comparison of the entry of physical courthouse to the use of the courthouse website is persuasive, the strength of the analogy ends there. As explained in the earlier order, the notice of appeal was not rejected by the electronic filing system because counsel was not able to use the district's ECF program. Using counsel's analogy, he was able to enter the courthouse, but was not able to enter the clerk's office. Because counsel could not enter the ECF program, the notice of appeal was never presented to the clerk and therefore the clerk could not have rejected the notice. Plaintiff states "[t]he fact that the court's software stopped Plaintiff's counsel from e-filing before the step of uploading the document was reached should not be determinative." (Motion for Reconsideration at 4-5.) The court expressly disagrees. This is precisely why the document was not rejected as to form, as argued by Plaintiff.

Plaintiff argues that the factual scenario presented should amount to good cause or excusable neglect. Counsel is not unfamiliar with the technological requirements for electronic filing. This court has already noted, and counsel earlier admitted, trial counsel could have e-filed the notice of

4

appeal.  As explained above, counsel's reliance on the clerk's statement was not reasonable.  The issue is not whether the e-filing requirement was inconsistent with the general rule that a clerk may not refuse a paper document on the basis of its form.  The issue is whether counsel's conduct, upon learning that he could not e-file the notice of appeal, amounted to good cause or excusable neglect to extend the time to file the notice of appeal.  Plaintiff has not established a palpable defect, mistake, error, or manifest injustice that must be corrected.

Accordingly, Plaintiff's motion (Dkt. No. 67) for reconsideration is **DENIED.  IT IS SO ORDERED.**


Date:   May 26, 2010               /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge